UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DOCKET NO. 3:20cr203-02 |
| v. ) | |
| ) | **FACTUAL BASIS** |
| (2) JAMEL JOHNSON ) | |
| _____) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crimes. The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. The Defendant, JAMEL JOHNSON ("JOHNSON"), agreed with others including DAVID CLARKE, JUSTIN PARKS, and MIKAEL ROBERTS, to engage in an identity fraud scheme, whereby the conspirators obtained personal identity information of victims over the Internet, and elsewhere, and used the victims' information to obtain bank loans – including automobile loans and personal loans - and other goods in the victims' names.

2. JOHNSON and others generally obtained the identity information of real persons ("Identity Theft Victims"), including names, Social Security Numbers, dates of birth, and addresses, among other information (collectively, "personal identifying information" or "PII") over the Internet, and elsewhere. The conspirators generally used electronic wires, including text messages and internet messaging apps, to share the PII of the Identity Theft Victims.

3. JOHNSON and/or his co-conspirators used the fictitious identification documents and the PII of the Identity Theft Victims, to obtain fraudulent bank loans and to make other fraudulent purchases.

4. JOHNSON and/or his co-conspirators used stolen PII of the owners of legitimate car dealerships and opened fraudulent bank accounts in the names of these car dealerships that were controlled by the co-conspirators. JOHNSON and his co-conspirators used these fraudulent bank accounts to receive proceeds of their identity fraud conspiracy and bank fraud scheme.

5. JOHNSON and/or his co-conspirators electronically submitted false loan applications, which often included false and falsified supporting documents, to federally insured banks and credit unions. JOHNSON and his co-conspirators applied for personal loans and car loans as part of the scheme.

6. It was a part and an object of the conspiracy that JOHNSON and his co-conspirators, transmitted interstate wire communications for the purposes of executing the fraudulent scheme.

7. It was a part and an object of the conspiracy that JOHNSON and his co-conspirators executed a scheme to defraud and to obtain money from federally insured banks and credit unions by means of materially false and fraudulent pretenses, representations, and promises.

8. On or about April 21, 2020, in Mecklenburg County, within the Western District of North Carolina and elsewhere, JOHNSON did knowingly and unlawfully execute and attempt to execute a scheme and artifice to obtain money from Charlotte Metro Credit Union, the deposits of which were insured by the National Credit Union Share Insurance Fund, by means of materially false and fraudulent pretenses, representations, and promises. Specifically, JOHNSON submitted, or caused to be submitted, a fraudulent personal loan application for $10,000.00 in the name of Identity Theft Victim G.D.

9. On or about April 21, 2020, within the Western District of North Carolina, JOHNSON did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, the name and social security number of the Identity Theft Victim G.D., knowing that the means of identification belonged to another actual person, during and in relation to the commission of the federal felony, specifically financial institution fraud.

10. The amount of loss, actual and attempted, involved in the scheme, including relevant conduct that is known to the United States as of the date of JOHNSON's guilty plea at this was more than $550,000.00 but less than $1,500,000.00.

2

11. The scheme involved more than ten victims.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

*Jenny Sugar*
Jenny G. Sugar
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Indictment, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

_____  DATED: 9-25-20
Harold Cogdell, Jr., Attorney for Defendant

3