UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:20CR00203-RJC |
| | ) | |
| v. | ) | |
| | ) | |
| (1) DAVID CLARKE | ) | |
| a/k/a Face Money | ) | SENTENCING MEMORANDUM |
| (2) JAMEL JOHNSON | ) | AS TO |
| a/k/a Mel | ) | DEFENDANT JAMEL JOHNSON |
| (3) JUSTIN PARKS | ) | |
| a/k/a Blick | ) | |
| (4) MIKAEL ROBERTS | ) | |
| a/k/a Rollie | ) | |

COMES NOW, Defendant Jamel Johnson, by and through undersigned counsel, Harold Cogdell, Jr., and respectfully submits this Sentencing Memorandum as an aid to the Court in fashioning a reasonable sentence that addresses all requisite statutory and guideline sentencing factors.

## I. OFFENDER PERSONAL HISTORY AND CHARACTERISTICS

Jamel Dashae Johnson is an intellectually gifted 31-year-old with no prior criminal history, and the father of a 2-year-old son. He was born December 15, 1989, in Long Island, NY to Shante Brown and Samuel Johnson. When Jamel was in kindergarten, Jamel's mother Ms. Shante Brown was arrested for a drug distribution offense in New Jersey resulting in the Defendant having to move to live with his paternal grandmother until he was 8 years of old. After living with his grandmother for a couple of years, Jamel's father remerged in his life and Jamel moved again to live with his father and stepmother. Although Jamel recalls physical and emotional abuse in his father's home growing up and wanting to be reunited with his mother, Jamel nonetheless completed Vance High School in 2007 and went on to attend college at Alabama A&M University

where he pursued a joint degree tract of mechanical and architectural engineering. It was during his time at Alabama A&M that Jamel's addictive personality began to take root.

Jamel is a highly intelligent young man that has regrettably failed to always put his intellectual talents to their best use. Jamel learned early on in life about investment in the stock market from his father that was a frequent stock trader. Through his own research and reliance upon, not always reliable sources of information, while at Alabama A&M, Jamel began "day trading," specifically binary options trading and trading both currency and commodities. While at A&M Jamel developed an addiction to the rush for quick money. Jamel also learned how quickly he could lose money and found himself in a matter of less than 2 years in so much debt that he could no longer continue his college education. Jamel began borrowing from any lender that that would finance his addition. For years, Jamel maxed out credit cards, borrowed form lenders such as payday loans, title loan lenders, and even family members in order to continue to pursue his unattainable quick money turn around goal without any real acceptance or appreciation of the risk of loss. In hindsight, Jamel acknowledges during this chapter of life, he was doing nothing more than gambling.

Jamel's mounting debt, lack of completion of his college education, losing his brother (Evan Gabriel) in 2016 to an overdose, his father suffering a debilitating stroke in 2018, and his paternal grandmother passing away in 2020 that raised him following his mother's arrest has collectively resulted in significant anxiety and depression. Jamel did not cope well, and his unhealthy choices made a bad situation worse as his abuse alcohol, marijuana, and MDMA or Molly has continued to escalate over the years.

## II. NATURE AND CIRCUMSTANACES OF THE OFFENSE AND RELATIVE CULPABILITY OF CO-DEFENDANTS

The description of the Nature and Circumstances of the Offense and Relative Culpability of Co-Defendants as described in the Government's Sentencing Memorandum (Dkt. #125) is in pertinent part accurate. However, the Jamel submits the following solely for clarification purposes: (1) Jamel learned how to access the "dark web" and locate vendors to purchase Personal

Identifying Information (PII) from CLARKE; (2) Jamel acknowledges he was aware CLARKE set up the fake automobile dealership bank accounts; however, Jamel did not know how to or assist CLARKE in setting up the fake automobile dealership bank accounts; and (3) CLARKE, Jamel, and either PARKS or ROBERTS, in the fraudulent transactions that Jamel was aware of split the fraudulently obtained proceeds equally (ie…. 1/3, 1/3, 1/3). To that end, Jamel is no more or less culpable for his role in the offense due to receiving a greater share of the fraudulently obtained proceeds as the Government contends. CLARKE trained Jamel on how to access the "dark web" and locate vendors willing to sell victim's social security numbers and on how to match confidential stolen PII with publicly accessible information in order to provide the requisite stolen PII necessary to effectuate the fraudulent transaction. Jamel admittedly served in an administrative support role for the conspiracy working more at the direction of CLARKE and in collaboration with PARKS and ROBERTS as evidenced by the Government's Statement of Relevant Conduct, Victim Financial Institution Chart (PSR, P. 13).

### III.  REQUESTS FOR BUREAU OF PRISONS RECOMMENDATIONS

Jamel has less than two years of course work to complete his college education and desires to complete his college degree while serving his sentence in the BOP. Jamel requests the Court recommend he have access to college level educational opportunities such that he may complete his undergraduate education. Jamel also asks the court to recommend the RDAP treatment program, so that he can develop better coping skills needed to manage his history substance abuse and addition. Jamel has no request for recommendation for any particular BOP facility other than a facility that can offer him the substance abuse and educational rehabilitative opportunities he seeks.

### IV.  CONCLUSION

Mr. Jamel Johnson acknowledges he has made many extremely poor decisions. While pursuing his college education, Jamel became addicted to the rush of making money quick in the stock market that took him years to learn only resulted in more debt and amounted to little more than a pipe dream. Incurring significant debt, dropping out of school and later losing his brother at the age of 26 combined to cause a downward spiral into depression and substance abuse that

Jamel has fought to manage for years. Jamel has suffered for these mistakes and will continue to do so for years to come. He will spend the rest of his life with a felony criminal record that will hinder his job prospects, access to resources such as educational loan assistance for advanced degrees, certain contracting opportunities with state and federal agencies, and many other future opportunities.

The reality and gravity of this situation has hit home. Jamel has reflected on the past decade of his life and how he has ended up in this forever life-changing situation. This reflection has renewed Jamel's commitment to holistic self-improvement not just for himself but, as importantly, for the love of his life, his son Arlo. Jamel stands ready to pay his debt to society and while remaining steadfast in his commitment to traveling this necessary journey to living a life of integrity, a sound work ethic, healthy lifestyle choices, loyalty to family, and setting a positive example for his legacy.

For all of the reasons set forth herein, should the Court not find grounds for a downward variance, a total sentence of 57 months imprisonment, 33 months for Count 1, plus the mandatory 24 months for Count 10 is a reasonable sentence following the consideration and weighing all statutory and guideline sentencing factors.

Respectfully submitted, this 12th day of November, 2021.

s/Harold Cogdell, Jr.
N.C. State Bar # 23781
Law Offices of Harold Cogdell, Jr., P.L.L.C.
905 E. 7th Street
Charlotte, N.C. 28204
Telephone: 704/ 376-4464
Email: Harold@consultmyattorney.com

**CERTIFICATE OF SERVICE**

  This is to certify that I have electronically served the following party in this action with a copy of the foregoing Motion to Continue through ECF filing:

Ms. Jenny Grus Sugar
Assistant United States Attorney
United States Attorney's Office
Suite 1700, Carillon Building 227 West Trade Street Charlotte, NC 28202
Telephone: 704/ 344-6222
Email: jenny.sugar@usdoj.gov


  Respectfully submitted this the 12th day of November, 2021.


            s/Harold Cogdell, Jr.
            N.C. State Bar # 23781
            Law Offices of Harold Cogdell, Jr., P.L.L.C.
            905 E. 7th Street
            Charlotte, N.C. 28204
            Telephone: 704/ 376-4464
            Email: Harold@consultmyattorney.com